## WOOD v. KELLER.

April 1, 1837.

*Distribution of proceeds of sheriff's sale of personal property.*

Where a constable levies an execution issued by a magistrate on personal property, and afterwards suffers it to be removed beyond his bailiwick, upon a bond given by a third person to restore it at a given time, the lien of his execution is abandoned, as against an intervening levy of another execution creditor.

The mere removal of the property beyond the constable's bailiwick with his consent, is an abandonment of the lien of his execution as against the lien of another execution creditor not party to the transaction.

*Quære,* if the lien of the constable's execution is at an end at its return day, if no sale had been made under it before that time according to the 11th section of the act of 20th March, 1810.

THE facts of this case fully appear in the opinion of Stroud, J. The case was argued by

*Miles,* for the plaintiff, and
*Haly,* for Scattergood.

Stroud, J.—The fund in court has been raised by a sale by the sheriff on the 16th of January, 1837, of the *schooner Criterion,* which was levied upon on the 10th of January, under an execution issued on a judgment in this case, and returnable the 1st Monday of February, 1837. After deducting costs, the proceeds of this sale were paid into court by the sheriff. A portion of this fund is claimed by *John Scattergood* on the following facts.

On the 23d of December, 1836, John Scattergood obtained a judgment against the defendant before an alderman of the county of Philadelphia for $86, upon which execution was immediately issued and placed in the hands of a constable, who on the same day levied upon the *schooner Criterion,* then lying at a wharf in the district of Southwark. This vessel had on board a cargo belonging to a *hird* person, who was desirous of unloading it within the bounds of the city, and to enable him to do so, the constable took from *him* on the day of the levy, a bond conditioned for the *forthcoming* of the vessel in fifteen days. Five days afterwards, the vessel was removed to Spruce Street wharf, and was lying there on the 10th of January, when the sheriff levied upon her by virtue of the *fieri facias* in his hands as above mentioned. The day

[Wood v. Keller.]

before the sheriff's levy, the *obligor* in the *forthcoming bond,* according to the deposition of the constable who had made the levy under Scattergood's execution, " *surrendered* the schooner *at Spruce Street wharf, where she was frozen up.*" A man was put in charge of her there by the constable immediately, but withdrawn the same night, and being thus left, on the next day the sheriff made his levy, took possession, and put a man in charge. The sheriff and constable respectively advertised the vessel for sale on the same day—the former to take place where she was lying,—the latter at a place within the district of Southwark. The constable alleges, that soon after the levy, the sheriff's officer agreed to sell *subject to the execution of Scattergood,* but that on the day of sale, and immediately previous to it, he declared his intention not to do so, and the sale appears to have taken place agreeably to his last declaration.

If at the time of the levy by the sheriff, no lien existed under *Scattergood's* execution, the claim of *Scattergood* cannot be supported.

I am of opinion that it did not exist at that time, on two grounds: 1. The taking of the *forthcoming bond,* with the removal of the vessel from the district of Southwark to the city of Philadelphia consequent upon the reception of this instrument, was a *voluntary* relinquishment of the lien of the constable's levy. Such was the very purpose of the bond. Possession was designedly abandoned—the responsibility of the obligor in the bond being substituted for the lien of the execution. See 17 *S. & R.* 292; 16 *Ves.* 276; 1 *Mason* 191; 4 *Wheaton* 255.

2. The mere *removal* of the vessel with the *consent* of the constable to a place beyond his bailiwick, was destructive of the lien of the execution so far at least, as respected the rights of other creditors of the defendant not privy to the transaction.

Whether, on a *third* ground which has been mentioned, the lien of *Scattergood's* execution was at an end when the sheriff made his levy; namely, that this execution was made returnable on the 12th of January, and that by § 11 of the act of 20th March, 1810, the sale should have been made, if made under it, *before* its return day,—I give no opinion.

Jones, J. concurred.

Pettit, *President,* was absent from indisposition.

Application of Scattergood refused.